**FOR PUBLICATION**

```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
             DIVISION OF ST. THOMAS AND ST. JOHN

                                   )
UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
     v.                            )
                                   )   Criminal No. 2008-49
SHAWN TYSON and KELROY MORRELL,    )
                                   )
          Defendants.              )
_____)
```

**ATTORNEYS:**

**Theodore St. Claire, AUSA**
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**Leonard B. Francis, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Shawn Tyson,*

**Darren John-Baptiste, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Kelroy Morrell.*

                              <u>ORDER</u>
**GÓMEZ, C.J.**

   Before the Court is the motion of defendant Kelroy Morrell ("Morrell") to sever Count Twenty-Seven of the indictment in this matter.

   Counts One through Twenty-Five, and Count Twenty-Seven of the indictment involve Morrell. Count One of the indictment

*United States v. Tyson, et al.*
Criminal No. 2008-49
Order
Page 2

charges Morrell and codefendant Shawn Tyson ("Tyson") with conspiracy to traffic firearms from Tennessee to St. Thomas, U.S. Virgin Islands. The conspiracy allegedly occurred between December 15, 2007, and July 31, 2008. Count Two charges that on or about February 20, 2008, Morrell and Tyson aided and abetted each other in transporting a firearm in interstate or foreign commerce, in violation of 18 U.S.C. § 922(a)(1)(A) ("Section 922(a)(1)(A)"). Counts Three through Thirteen charge that on or about July 31, 2008, Morrell and Tyson aided and abetted each other in transporting firearms in interstate and foreign commerce, in violation of Section 922(a)(1)(A). Counts Fourteen through Twenty-Four charge that on or about July 31, 2008, Morrell and Tyson aided and abetted each other in the unauthorized possession of firearms, in violation of title 14, section 2253(a) of the Virgin Islands Code ("Section 2253(a)"). Count Twenty-Five charges that on or about July 31, 2008, Morrell and Tyson aided and abetted each other in transporting firearms to be used in a crime, in violation of 18 U.S.C. § 924(b). Count Twenty-Seven charges that on or about July 31, 2008, Morrell, aided and abetted by an unidentified individual, committed the offense of unauthorized possession of a firearm, in violation of Section 2253(a).

*United States v. Tyson, et al.*
Criminal No. 2008-49
Order
Page 3

    Federal Rule of Criminal Procedure 8(b) ("Rule 8(b)") provides that multiple defendants may be joined in a single criminal action if:

> they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b) (2002).

    Though each defendant need not be charged with every offense in the indictment, all of the offenses must be part of the same series of acts or transactions in order for joinder to be permissible under Rule 8(b). *See United States v. Irizarry,* 341 F.3d 273, 287 (3d Cir. 2003) (explaining that Rule 8(b) permits joinder of offenses only if they are part of the same act or transaction). To be considered part of the same series of acts or transactions, there must be some factual connection between the separate crimes charged in a multi-defendant case. *See United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005) (finding that weapons and drug charges involved the same act or transaction where guns and drugs were recovered at the same time from the same car); *United States v. McGill,* 964 F.2d 222, 241 (3d Cir. 1992) (finding that tax evasion and bribery charges were part of

*United States v. Tyson, et al.*
Criminal No. 2008-49
Order
Page 4

the same act or transaction where the defendant used bribery proceeds to fund accounts used for tax evasion).

In determining whether separate offenses joined in a multi-defendant case share a sufficient factual connection, it is generally inappropriate to look beyond the allegations in the indictment. *United States v. Eufrasio*, 935 F.2d 553, 567 (3d Cir. 1991). In limited circumstances, "[w]here representations made in pretrial documents other than the indictment clarify factual connections between the counts, reference to those documents is permitted." *McGill,* 964 F.2d at 424. The appropriateness of joinder is not dependant on evidence subsequently discovered during trial. *Eufrasio,* 935 F.2d at 567.

Morrell contends that the joinder of Count Twenty-Seven was improper because the firearm at issue therein is "completely unrelated to the conspiracy charge or the other charges in the Indictment." (Mot. to Sever 2, Nov. 3, 2008.) The firearm at issue in Count Twenty-Seven -- a Taurus .40 caliber PT140 Pro -- does not bear the same serial number as any of the firearms at issue in Counts One through Twenty-Five. It does not follow, however, that such firearm is unrelated to the conspiracy charged in Count One. The unauthorized possession charged in Count Twenty-Seven allegedly occurred on July 31, 2008, during the time of the conspiracy charged in Count One. In fact, the indictment

*United States v. Tyson, et al.*
Criminal No. 2008-49
Order
Page 5

states that several of the overt acts underlying the conspiracy took place on July 31, 2008. Based on the allegations in the indictment, the offense charged in Count Twenty-Seven is sufficiently related to the offenses charged in the other counts of the indictment to be considered part of the same act or transaction.

Morrell also claims that evidence outside the indictment shows the lack of a factual connection between the crime charged in Count Twenty-Seven and the remainder of the indictment. He cites an affidavit of Special Agent Penny Stricklin of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, filed in support of a search warrant in this matter. The affidavit states that, on July 31, 2008, Morrell and an individual named Curtiss Thomas ("Thomas") were arrested after a Taurus .40 caliber PT140 Pro was recovered from Morrell's vehicle. It further states that "[t]his handgun had been purchased by an individual unrelated to this arrest, on July 24, 2008." (Stricklin Aff. 2, ¶ 6, Sept. 16, 2008.) Additionally, Morrell points to the fact that Thomas was charged in a separate indictment with possession of the same Taurus .40 caliber PT140 Pro at the heart of Count Twenty-Seven. However, neither Special Agent Stricklin's affidavit nor the fact that Thomas was charged with possession of the same firearm

*United States v. Tyson, et al.*
Criminal No. 2008-49
Order
Page 6

establish that the firearm alleged in Count Twenty-Seven is

unrelated to the charges in the remainder of the indictment.

　　Accordingly, it is hereby

　　**ORDERED** that the motion to sever is **DENIED.**


　　　　　　　　　　　　　　　　　　　S\_____
　　　　　　　　　　　　　　　　　　　　**CURTIS V. GÓMEZ**
　　　　　　　　　　　　　　　　　　　　　**Chief Judge**