FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA and the PEOPLE OF THE VIRGIN ISLANDS, | ) ) ) ) | |
| Plaintiffs, | ) ) | Criminal No. 2008-49 |
| v. | ) ) | |
| SHAWN TYSON and KELROY MORRELL, | ) ) ) | |
| Defendants. | ) ) ) | |

ATTORNEYS:

**St. Claire Theodore, AUSA**
**Ishmael Meyers, Jr., AUSA**
St. Thomas, U.S.V.I.
      *For the plaintiffs.*

**Leonard B. Francis, Esq.**
St. Thomas, U.S.V.I.
      *For defendant Shawn Tyson.*

**Darren John-Baptiste, Esq.**
St. Thomas, U.S.V.I.
      *For defendant Kelroy Morrell.*


<u>ORDER</u>

**GÓMEZ, C.J.**

    Before the Court is the motion in limine of the plaintiffs,

United States of America and the People of the Virgin Islands

(together, the "Government"), to admit certain evidence as

"inextricably intertwined" with alleged crimes.  In the

alternative, the Government notices its intent to present

*United States, et al. v. Tyson, et al.*
Criminal No. 2008-49
Order
Page 2

evidence under Federal Rule of Evidence 404(b).

On July 31, 2008, defendant Shawn Tyson ("Tyson") traveled by plane from Johnson City, Tennessee to St. Thomas, U.S. Virgin Islands. Agents from the Bureau of Alcohol, Tobacco and Firearms suspected Tyson of transporting firearms. After arriving in St. Thomas, Tyson placed his luggage in a car that met him at the airport. The car was driven by defendant Kelroy Morrell ("Morrell"). Officers from the Virgin Islands Police Department subsequently stopped the car and arrested Tyson and Morrell (together, the "Defendants"), as well as a third occupant of the car. A search yielded several firearms and boxes of ammunition as well as firearm cases and magazines. Also found were several photographs and video clips recorded on a cellular phone and a camera. Those photographs and clips showed the Defendants posing with firearms.

Thereafter, the Defendants were charged with various firearm-related offenses. Count One charges them with conspiracy to traffic firearms in violation of 18 U.S.C. § 371. Counts Two through Thirteen charge them with aiding and abetting in the trafficking of firearms in interstate and foreign commerce in violation of 18 U.S.C. § 922(a)(1)(A). In Counts Fourteen through Twenty-Four, the Defendants are charged with aiding and abetting in the trafficking of firearms in violation of V.I. CODE

*United States, et al. v. Tyson, et al.*
Criminal No. 2008-49
Order
Page 3

ANN tit. 14, § 2253(a).  Count Twenty-Five charges the Defendants

with aiding and abetting each other in the transfer of a firearm

to be used in a crime in violation of 18 U.S.C. § 924(b).  In

Count Twenty-Six, Tyson is charged with transferring firearms to

an out-of-state resident in violation of 18 U.S.C. § 922(a)(5).

Count Twenty-Seven charges Morrell with aiding and abetting in

the unauthorized possession of a firearm in violation of V.I.

CODE ANN tit. 14, § 2253(a).

    The trial of this matter is currently scheduled for January

14, 2009.

    In its motion in limine, the Government asks to present two

general items of evidence.  First, the Government wishes to

introduce the photographs and clips captured on the Defendants'

cellular phone and camera.  The Government asserts that this

evidence demonstrates the existence and nature of the alleged

conspiracy.

    Second, the Government wishes to present evidence that

Tyson, a National Guardsman, was wearing his uniform when he was

arrested even though he was not on military assignment at that

time.  That conduct, the Government contends, violates United

States Army regulations.  The Government intends to call Army

personnel to testify about those regulations.  According to the

Government, Tyson's act of wearing his uniform in contravention

*United States, et al. v. Tyson, et al.*
Criminal No. 2008-49
Order
Page 4

of those regulations demonstrates that he was attempting to
deflect law enforcement scrutiny.

Federal Rule of Evidence 404(b) provides that "evidence of
other crimes, wrongs, or acts is not admissible to prove the
character of a person in order to show action in conformity
therewith," but, unless inadmissible under another Rule, is
"admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or
absence of mistake or accident." Fed. R. Evid. 404(b).  Rule
404(b) "does not apply to evidence of uncharged offenses
committed by a defendant when those acts are intrinsic to the
proof of the charged offense." *United States v. Gibbs*, 190 F.3d
188, 217 (3d Cir. 1999).  "[A]cts are intrinsic when they
directly prove the charged conspiracy." *United States v. Cross*,
308 F.3d 308, 320 (3d Cir. 2002).

Here, Count One of the indictment charges that the
Defendants, from about December 15, 2007 until about July 31,
2008, conspired to transport firearms and ammunition in
interstate and foreign commerce.  The indictment specifies that,
as part of their conspiracy, the Defendants bought firearms and
ammunition from firearms dealers in Tennessee and transported
them to the Virgin Islands by commercial airliner.  Importantly,
the indictment alleges that it was Tyson himself who transported

*United States, et al. v. Tyson, et al.*
Criminal No. 2008-49
Order
Page 5

the firearms and ammunition aboard commercial flights.

Evidence that Tyson was wearing his military uniform, though not on military assignment, demonstrates Tyson's effort to appear as though he was on official business.  Significantly, that conduct, which occurred during the commission of the alleged underlying offenses, was directly related to Tyson's effort to further the alleged conspiracy by deflecting attention from his criminal conduct.  Evidence of Tyson's attire at the time of his arrest is therefore intrinsic to the crimes alleged in the indictment because it may be used to directly prove those crimes. *See United States v. Wilson*, 46 Fed. Appx. 93, 96 (3d Cir. 2002) (unpublished) (explaining that testimony that "'goes directly' to issues material to the indictment . . . constitutes intrinsic, not extrinsic evidence").  As a consequence, the Court will allow the Government to introduce that evidence at trial.

To the extent the Government seeks to present evidence that Tyson violated Army regulations, such evidence is extrinsic because it does not prove, either directly or even indirectly, the crimes alleged in the indictment.  The Court further finds that such evidence, to the extent it is presented in the Government's case-in-chief, carries the risk of unfairly prejudicing the Defendants or confusing the jury, and thus will

*United States, et al. v. Tyson, et al.*
Criminal No. 2008-49
Order
Page 6

disallow it under Rule 403.[1]

The Court is without sufficient information at this time to rule on the admissibility of the photographs and video clips. Accordingly, the Court will reserve judgment on that proposed evidence for trial.

For the foregoing reasons, it is hereby

**ORDERED** that the Government's motion is **GRANTED** in part and **DENIED** in part; it is further

**ORDERED** that the Government may present evidence of Tyson's attire at the time of his arrest; and it is further

**ORDERED** that the Government may not present testimony concluding that Tyson violated United State Army regulations.

S\_____
            **CURTIS V. GÓMEZ**
            **Chief Judge**

---

[1]  The Court's conclusion is without prejudice to the Government's presenting any evidence, including evidence of Army regulations, to the extent necessary during its rebuttal case.