```
              DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN
```

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
         v.                          )    Crim. No. 2008-49
                                     )
SHAWN TYSON,                         )
            Defendant.               )
                                     )
                                     )
                                     )

**ATTORNEYS:**

**Ronald Sharpe, United States Attorney**
**Kim L. Chisholm, AUSA**
**Ishmael Meyers, AUSA**
United States Attorney's Office
St. Thomas, VI
     *For the United States,*

**Shawn Tyson**
Bureau of Corrections – Alva Swan Annex
St. Thomas, VI
     *Pro se defendant.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Shawn Tyson ("Tyson") entitled "Motion for Relief Pursuant to Fed.R. Civ.P Rule 60(b)(1)(2)(3)(4)" ("Motion to Vacate").

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 2, 2008 the Grand Jury returned an indictment against Tyson and Kelroy Morrell ("Morrell"). Count one charged Tyson and Morell with conspiracy to traffic

firearms. Count two charged Tyson and Morrell with trafficking firearms in interstate and foreign commerce. Counts three through thirteen charged Tyson and Morrell with trafficking firearms in interstate and foreign commerce. Counts fourteen through twenty-four charged Tyson and Morrell with unauthorized possession of a firearm. Count twenty-five charged Tyson and Morrell with transferring a firearm to be used in a crime. Count twenty-six charged Tyson with transferring firearms to an out-of-state resident.

Thereafter, on November 3, 2008, Tyson filed a motion to suppress statements made to law enforcement. The Court held a hearing on the motion on January 12, 2009. On January 14, 2009, the Court denied the motion.

The trial of this matter was held from January 14, 2009, to January 16, 2009. At the close of the United States' case-in-chief, Tyson moved for relief pursuant to Federal Rule of Criminal Procedure 29. The Court took the motion under advisement. The jury found Tyson guilty of Counts One through Twenty-Three and Counts Twenty-Five and Twenty-Six.

On April 13, 2009, Tyson renewed his motion under Rule 29. Thereafter, on August 12, 2009, the Court granted Tyson's motion for a judgment of acquittal in part and denied it in part. The Court granted Tyson's motion of acquittal as to Count One, Counts Two through Thirteen, Count Twenty-five, and Count

Twenty-Six. The United States and Tyson both appealed the Court's August 12, 2009, Order.

The Court entered a judgment and commitment order on October 30, 2009. Tyson was adjudged guilty of Counts Fourteen through Twenty-three, and committed to the Bureau of Corrections for a term of incarceration of sixty months, thirty of which the Court suspended pursuant to the Virgin Islands Code.

On August 3, 2011, the Third Circuit issued an opinion on the appeals filed in Tyson's case. The Third Circuit upheld the Court's judgment of acquittal as to Count One. The Third Circuit reversed this Court's holding as to Counts Two through Thirteen, Count Twenty-Five, and Count Twenty-Six.

Pursuant to the Third Circuit's ruling, this Court entered a judgment and commitment order as to all counts of which Tyson had not been acquitted. Tyson's judgment and sentence as to Counts Fourteen through Twenty-Three remained the same as in the October 30, 2009, Order. Tyson was adjudged guilty of Counts Two through Thirteen and Counts Twenty-five and Twenty-six. Tyson was sentenced to eighteen months imprisonment for Counts Two through Thirteen and Twenty-five. Tyson was sentenced to an additional eighteen months for Count Twenty-six, to be served concurrently.

On August 30, 2013, Tyson filed the instant motion to vacate. In it, Tyson requests relief pursuant to Federal Rule of

Civil Procedure 60 and Federal Rule of Criminal Procedure 12. Tyson alleges that the Court erred in denying his motion to suppress in violation of his Constitutional rights. Tyson further alleges that the Indictment was deficient as it failed to charge an offense, thus violating his Constitutional rights. Tyson alleges that he is entitled to relief due to "newly discovered evidence, mistakes, fraud, etc." Tyson also claims that certain property was unlawfully taken from him by the United States. Tyson requests relief in the form of dismissal of the Indictment (or, in essence, vacatur of the Judgment).

## II. DISCUSSION

Tyson mentions a number of statutes in his motion to vacate. However, given the relief sought and the allegations that the Court's judgment violated the Constitution, this motion is more properly construed as one brought under 28 U.S.C. § 2255.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 allows petitioners to collaterally attack their sentence by moving "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The remedy is intended only where "the claimed

error of law was a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted); *see also United States v. Addonizio*, 442 U.S. 178, 184 (1979) (explaining "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment").

In order to prevail on a section 2255 motion, a petitioner must show one of the following: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If the court finds any of these grounds, the court must vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. *Id.* § 2255(b).

A section 2255 petition is not a substitute for an appeal. *Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009). Thus, the general rule is that a petitioner procedurally defaults on a claim if he "neglected to raise [it] on direct appeal." *Id.* (citation omitted); *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see, e.g., Bousley v. United States*, 523 U.S. 614, 622 (finding that a guilty plea could not be attacked as involuntary during habeas review because it is the type of claim that can be

fully and completely addressed on direct review). Certain claims are generally not heard on direct appeal. For instance, a claim of ineffective assistance of counsel is not generally raised on direct appeal. Rather, it is properly raised on collateral review under section 2255. *See Massaro*, 538 U.S. at 504 (explaining it is "preferable" that such claims be considered on collateral review where the record for such claims may be properly developed); *accord United States v. Garcia*, 2013 U.S. App. LEXIS 5386, at *4 (3d Cir. Mar. 19, 2013) ("It is well-settled that this Court ordinarily does not review claims of ineffective assistance of counsel on direct appeal.") (citing *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003)).

A court may dismiss a section 2255 motion without holding a hearing where the record shows conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). A petitioner's *pro se* pleading is construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).

### III. ANALYSIS

Tyson raises two issues in his petition: 1) that the Court erred in denying his motion to suppress; and 2) that the indictment failed to state an offense.

These are precisely the kinds of issues which defendants may raise in a direct appeal. In fact, Tyson's assertion that the indictment was deficient for failing to state an offense would have been properly raised while the case was still pending, or even before trial. *See* Fed. R. Crim. P. 12(b)(3) (stating that a motion alleging a defect in the indictment or information is a pretrial motion "but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense[.]")

As both of these issues could have been raised on direct appeal, Tyson may not bring them now. *Hodge*, 554 F.3d at 379 (finding that the general rule is that a petitioner procedurally defaults on a claim if he "neglected to raise [it] on direct appeal."); *Massaro,* 538 U.S. at 504; *see, e.g., Bousley*, 523 U.S. at 622 (finding that a guilty plea could not be attacked as involuntary during habeas review because it is the type of claim that can be fully and completely addressed on direct review).

Tyson does not allege that he was incompetently represented by counsel, or any other circumstances which might explain his failure to raise these issues on direct appeal. Instead he claims that, since his appeal, he has discovered relevant information previously unavailable to him which entitles him to consideration of these issues. Specifically, Tyson argues that

it is only now that he purportedly found a number of legal errors made by this Court pertaining to his case.

These are not allegations that there are newly discovered facts which would impact a jury's determination as to his guilt, but instead allegations that the trial court was incorrect as a matter of law. These legal questions were, however, previously decided. That Tyson disagreed with the Court's disposition or has a different interpretation of the law is not "newly discovered evidence," and thus does not entitle him to reconsideration of the issues presented.[1]

The premises considered, it is hereby

**ORDERED** that Tyson's motion to vacate is **DENIED**.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**

---

[1] Indeed, to the extent Tyson believed this Court erred on substantive merits-based issues tried, he had the opportunity to petition for review of those issues by the Third Circuit Court of Appeals. He availed himself of that opportunity. To the extent he disagreed with the Third Circuit's determinations, he had the opportunity to petition the Supreme Court of the United States for certiorari.